IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard Basham, :
        Plaintiff : Civil Action 2:06-cv-944

v. : Judge Marbley

Michael J. Astrue, : Magistrate Judge Abel
Commissioner of Social Security,
        Defendant :

## ORDER

This matter is before the Court on Plaintiff Richard Basham's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Docs. 15.) For the reasons below, Plaintiff's motion is GRANTED.

### Background

In October 2002, Plaintiff Richard Basham applied for Disability Insurance Benefits and Supplemental Social Security Income. (R. 26, 125.) His application was denied initially and upon reconsideration. The Appeals Council denied review. Basham received a *de novo* review by an administrative law judge ("ALJ") and a hearing was held on May 4, 2005. (*Id.* at 34.) The ALJ held that Basham is entitled to a closed period of disability commencing March 1, 2003, and ending April 1, 2005. (*Id.* at 24.) The ALJ also held that Basham was not disabled prior to March 1, 2003, or after April 1, 2005. The Appeals Council denied Plaintiff's request for review. Plaintiff then sought judicial review in this Court arguing that his disability onset

date is March 8, 2002, and that he continued to be disabled after March 31, 2005. (See Doc. 9.)

The Magistrate Judge's October 12, 2007 Report and Recommendation (doc. 12) recommended remand to the Commissioner to clarify the limitations that the vocational expert considered when he was expressing his opinion and to examine any inconsistencies with the DOT. No objections were filed and the Court adopted the Report and Recommendation and remanded the case to the Commissioner. (Doc. 13.) This matter is now before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 15.) The Commissioner hasn't filed a response.

**Standard**

A prevailing plaintiff is entitled to recover attorney's fees from the government unless the government shows that its litigation position was substantially justified. 28 U.S.C. §2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 563-566 (1989); *Sigmon Fuel Company v. Tennessee Valley Authority*, 754 F.2d 162, 166 (6th Cir. 1985). Under the EAJA, 28 U.S.C. §2412(d)(1)(A) (emphasis added):

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that*

2

> *the position of the United States was substantially justified or that special circumstances make an award unjust.*

The Commissioner bears the burden of demonstrating that his position was substantially justified. *E.W. Grobbel Sons, Inc. v. National Labor Relations Board*, 176 F.3d 875, 878 (6th Cir. 1999). The test for determining when the government's litigation position is substantially justified was set out by the United States Court of Appeals for the Sixth Circuit in *Trident Marine v. Corps of Engineers*, 766 F.2d 974, 980 (6th Cir. 1985):

> Whether or not the government's position is substantially justified is basically a question of reasonableness. *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119, 1200 (6th Cir. 1982). "The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleading; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." *United States v. 2,116 Boxes of Boned Beef*, 762 F.2d at 1487.

"[F]avorable facts will not rescue the government from a substantially unjustified position on the law [and] an accurate recital of law cannot excuse a substantially unjustified position on the facts." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992).

## Analysis

At the heart of the parties' dispute in the earlier pleadings was the following hypothetical question posed by the ALJ to the vocational expert:

> Okay. We have - - let me see if I get this right. We have a 43-year -old, we have [a] high school graduate with some college. Take

3

> into consideration the physical restrictions given to us by Dr. Dunbar on it, and at least in this hypothetical I find no mental restrictions at all. He can do a full range of light. Take those assumptions into consideration, could such an individual perform any of the claimant's past relevant work either as he had performed it or as it's normally performed in the national economy?

(R. 98-99.) A follow-up hypothetical question by the ALJ to the vocational expert asked:

> Okay . . . . Given the same assumptions could such an individual perform any other full-time work which exists in the national or regional economies?

(*Id.* at 99.)

Plaintiff Richard Basham's Statement of Errors to the Court argued that substantial evidence did not support the step-five decision because the hypothetical question posed to the vocational expert, and upon which the ALJ relied, was inaccurate and internally inconsistent. (Doc. 9, p. 8.) Plaintiff's Statement argued that Dr. Dunbar's opinion was not that Basham could do a full range of "light" work, but rather a limited range of light work. The ALJ's hypothetical question asked the vocational expert to take into consideration the physical restrictions given by Dr. Dunbar but contradictorily instructed the vocational expert to assume Basham could do a full range of light work. (*Id.*) Further, as Plaintiff argued here, a full range of light work requires the ability to stand and/or walk for prolonged periods (a prolonged period being approximately 2 hours) while Dr. Dunbar testified Plaintiff could stand and/or walk for only one hour at a time. (*Id.* at 9.)

4

The Commissioner's response brief argued that when the ALJ mentioned "physical" restrictions he asked the vocational expert to consider Dr. Dunbar's testimony. And, when the ALJ mentioned "mental" limitations, he clarified that Basham could do a "full range of light work, " which means Mr. Basham's ability to perform a full range of light work would not be reduced by any mental limitations. (R. 14-15.)

The Commissioner's position is not substantially justified. The Magistrate Judge's Report and Recommendation, which was adopted, recommended that the case be remanded. The Magistrate Judge explained that Commissioner's explanation was not persuasive, the hypothetical question of the ALJ was unclear, and the vocational expert's testimony did not expressly or by implication identify the limitations he considered when he expressed his opinion. (Doc. 12, p. 18.) The Magistrate Judge explained that, for example, the vocational expert did not limit Plaintiff to a subset of light assembler or cashier jobs although these jobs could involve a lot of standing. (*Id.*) The Sixth Circuit has expressed disapproval of improperly formulated hypothetical questions. *See e.g.*, *Howard v. Barnhart*, 376 F.3d 551, 553-554 (6th Cir. 2004) (reversing and remanding to the District Court for determination of the reasonableness of attorney's fees).

Furthermore, the Court cannot say that the Commissioner's position has a reasonable basis in law. In making a disability determination, the Commissioner

follows a five-step sequential evaluation. 20 C.F.R. §404.1520. At the fifth step the Commissioner considers the claimant's residual functional capacity, age, education, and work experience to see if the claimant can make an adjustment to other work in the national economy. *Id.*; 20 C.F.R. § 404.1545(a)(5). A claimant's residual functional capacity has three components: physical abilities, mental abilities, and other impairments. 20 C.F.R. § 404.1545(a). Physical abilities include exertional impairments. Social Security Ruling 83-14 explains that:

> The term "exertional" has the same meaning in the regulations as it has in the . . . *Dictionary of Occupational Titles* (DOT). In the DOT . . . occupations are classified as sedentary, light, medium, heavy, and very heavy *according to the degree of primary strength requirements of the occupations. These consist of three work positions (standing, walking, and sitting) and four worker movements of objects (lifting, carrying, pushing, and pulling.)*

SSR 83-14, WL 31254 (1983) (emphasis added). The corresponding regulation provides that:

> To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy. These terms have the same meaning as they have in the Dictionary of Occupational Titles, published by the Department of Labor . . . .
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.* If someone can do light work, we

6

>determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §404.1567 (emphasis added). SSR 83-14 and 20 C.F.R. §404.1567 indicate that a full range of light work requires that the claimant be capable not only of lifting up to 20 pounds, up to 10 pounds frequently, but also of a good deal of walking, standing, sitting, and pushing and pulling arm and leg controls. Therefore, the Commissioner's position that "no mental restrictions" implies that Basham could do a "full range of light work" was not substantially justified. Also, the Commissioner did not provide the Court with any regulation, ruling, or case, that provides an explanation to the contrary. In fact, mental impairments are generally treated as non-exertional limitations in the Sixth Circuit. *Cole v. Secretary of Health and Human Services*, 820 F.2d 768, 772 (6th Cir. 1987) ("We note that we have traditionally considered the term "nonexertional" to encompass mental, sensory, or environmental limitations."). See also SSR 83-14.

As a related matter, the Court notes that a non-exertional mental impairment may prevent a claimant from performing a full range of light work. *See Cole*, 820 F.2d at 768. However, the regulation and ruling discussed above do not support the reversed conclusion. That is, the absence of a mental impairment does not mean that a claimant can perform a full range of light work. As explained above, being

7

able to perform a full range of light work implies that the claimant has a certain exertional capability. The Commissioner's position rests on the reversed conclusion.

Accordingly, the Court HOLDS that Plaintiff's motion (doc. 15) for attorney's fees under the EAJA is GRANTED.

s/Algenon L. Marbley  
United States District Judge